STATE OF NORTH CAROLINA v. DORIS LEE BASDEN

No. 724SC829

(Filed 22 August 1973)

Criminal Law § 75— admissibility of confession — subnormal mental capacity

    The fact that defendant had a subnormal mental capacity did not render defendant's confession incompetent where the trial court found upon competent evidence that the confession had been in fact freely, voluntarily and understandingly made after defendant had received the full *Miranda* warnings and after she had expressly waived her right to counsel.

APPEAL by defendant from *Rouse, Judge,* 12 June 1972 Session of Superior Court held in DUPLIN County. .

Defendant was indicted for the first-degree murder of her ten-year-old son. At the outset of the trial the solicitor announced that he would not seek a verdict of guilty of first-degree murder but would seek a verdict of guilty of murder in the second degree or of manslaughter as the evidence might justify. Defendant pled not guilty. In summary the State's evidence showed: Defendant's son died in the emergency room of Duplin General Hospital on 19 December 1971 as result of a condition known as methemoglobinemia, which was secondary to nitrite poisoning; subsequently, in December 1971 and in January 1972, two other children of defendant were admitted to the hospital exhibiting the same symptoms; prior to these events and in May 1971, defendant's family physician had treated her for high blood pressure and for that purpose had prescribed and dispensed to her 100 veratrite capsules; this drug can cause methemoglobinemia and an overdose can cause death. Over defendant's objection the court allowed in evidence a statement signed by her in the S.B.I. office in Raleigh, N. C., on 20 January 1972 after interrogation by S.B.I. agents. In this statement she admitted that two days prior to her son's death she had given

him six of her high blood pressure pills and that after his death she had given some of the same pills to her two other children, who immediately thereafter became ill. Defendant did not testify, but introduced evidence that she had always taken good care of her children and had never mistreated them. There was also evidence that defendant was of low intelligence, having an I.Q. of sixty.

The jury found defendant guilty of involuntary manslaughter. From judgment imposing a prison sentence, she appealed.

*Attorney General Robert Morgan by Deputy Attorney General Andrew A. Vanore, Jr. for the State.*

*Russell J. Lanier, Jr. for defendant appellant.*

PARKER, Judge.

Defendant assigns error to the admission of her signed statement given to the S.B.I. agents in which she admitted giving the veratrite pills to her children. Before allowing this in evidence the trial judge conducted a voir dire examination and heard testimony of the S.B.I. agents to whom the statement was given concerning the circumstances under which it had been made. Defendant also testified on the voir dire hearing, stating she did not remember seeing or talking to anyone at the S.B.I. building in Raleigh on 20 January 1972 for the reason that on that date she had been on heavy medication. After hearing this evidence in the absence of the jury, the trial judge entered an order in which he found that defendant's statement had been freely, voluntarily and understandingly made after she had received the full *Miranda* warnings and after she had expressly waived her right to counsel. These findings, being based on competent evidence in the record, are conclusive on this appeal. *State v. McRae,* 276 N.C. 308, 172 S.E. 2d 37. Certainly, a subnormal mental capacity is an important factor to be considered by the trial court along with other relevant factors in determining whether a purported confession was in fact freely, voluntarily and understandingly made. It does not, however, in itself render incompetent a confession that was in fact freely, voluntarily, and understandingly made. *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396. Nothing in the record suggests that the trial court in this case failed to give adequate consideration to all pertinent circumstances in making its determination as to the competency of defendant's statement.

In the trial and judgment appealed from, we find

No error.

Judges CAMPBELL and MORRIS concur.